UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. KINGSLEY, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-04484-FLA (BFM)<br><br>**ORDER ACCEPTING INTERIM REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [DKT. 98]** |

1

1    Pursuant to 28 U.S.C. § 636, the court has reviewed Defendant L. Kingsley's
2    ("Defendant") Motion for Terminating Sanctions (Dkt. 85, "Motion"), the records and
3    files herein, the Magistrate Judge's Interim Report and Recommendation (Dkt. 98,
4    "Interim Report"), and Defendant's Objections to the Interim Report and
5    Recommendation (Dkt. 101, "Objections"). The court has engaged in a *de novo*
6    review of those portions of the Interim Report to which objections have been made.

7    The Interim Report recommends the denial of Defendant's Motion, which seeks
8    terminating sanctions based on Plaintiff's failure to respond timely to certain
9    discovery requests. Dkt. 98 ("R. & R."). Defendant's objections to the Interim
10   Report do not merit any change to the Interim Report's findings or recommendations.
11   Defendant objects to the Interim Report's characterization of the denied discovery
12   evidence as marginal. Dkt. 101 ("Obj.") at 2-3. The evidence is Plaintiff's work
13   schedule on the day of the alleged incident of excessive force, which allegedly
14   included Defendant pepper spraying Plaintiff. R. & R. at 7. Defendant argues that, if
15   "Plaintiff was not scheduled to work that day, that undercuts Plaintiff's claims of
16   malicious intent on the part of Defendant. And calls into question Plaintiff's intent in
17   approaching Defendant that day. Intent is central in this case, not marginal." Obj. at
18   3. This objection does not persuasively undercut the Interim Report's finding that,
19   even if Plaintiff "was wrong about what his schedule was," what matters is whether
20   Defendant "was justified in her use of force." R. & R. at 7. The court agrees with the
21   Interim Report that the work schedule is not so critical that Plaintiff's failure to
22   provide it warrants the severe sanction of termination of the action. *Id*.

23   Defendant objects that the sanction of exclusion is not sufficient. Obj. at 3-5.
24   The court disagrees and concurs with the Interim Report's finding that sanctions that
25   are less drastic than a case-dispositive sanction remain available should Plaintiff
26   produce the requested document later. R. & R. at 7. As the Interim Report correctly
27   points out, Plaintiff can be precluded from using the work schedule to corroborate his
28

account. *Id*. The court agrees with the Interim Report that sanctions less drastic than termination of the action remain available and could be warranted if appropriate.

The court ACCEPTS the recommendations of the Magistrate Judge and ORDERS as follows:

1. The Interim Report is ACCEPTED;
2. Defendant's Motion is DENIED; and
3. The Clerk of the Court shall SERVE this Order on all counsel or parties of record.

IT IS SO ORDERED.

Dated: July 29, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge